UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DAVID BERRY,

       Plaintiff,                          CASE NO.: 20-CV-0983

vs.

FRIESCHSKY'S, LLC,
TIMOTHY M. FRIESCH
STEPHEN J. DAILY

       Defendants.

## COMPLAINT

David Berry, and for his Complaint against Frieschsky's, LLC, Timothy M. Friesch and Stephen J. Daily, state as follows:

1. This is an action to collect on a Promissory Note ("Note") that has defaulted and to collect on personal guarantees associated with the Note. A true and correct copy of the Note is attached hereto as Exhibit 1. A true and correct copy of the Guarantee and Suretyship Agreement ("Guarantees") is attached hereto as Exhibit 2.

2. Plaintiff David Berry is a resident of Canada, residing at 124 Park Road, Toronto, Ontario, Canada M4W 2N7.

3. Defendant Frieschsky's, LLC ("Frieschsky's") is a Wisconsin Company headquartered in Milwaukee, WI, with Timothy M. Friesch as its registered agent. WDFI.ORG lists the company's address and the address of the registered agent as 790 North Milwaukee Street, Ste. 220, Milwaukee, WI 53202.

4. Defendant Timothy M. Friesch is an adult resident of Wisconsin residing at 585 West Riverwood Drive, Oak Creek, WI 53154.

5. Defendant Stephen J. Daily is an adult resident of Wisconsin residing at 2450 Two Mile Road, Franksville, WI 53216.

6. This Court has jurisdiction as the amount in controversy is over $75,000 and there is complete diversity between plaintiffs and defendants. See 28 U.S.C. § 1332(a).

7. Venue is appropriate in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(c), and pursuant to Exhibit 1, paragraph 15, page 9.

## BACKGROUND

8. On March 2, 2015, Plaintiff David Berry and Frieschsky's entered into a Secured Promissory Note, incorporated herein by reference as Exhibit 1.

9. Exhibit 1 was signed by the party to be charged, Frieschsky's by Timothy Friesch.

10. The purpose of Exhibit 1 was for Berry to finance Frieschsky's acquisition of certain inventory of Brioni clothing, accessories, and other Brioni products (the "Brioni Inventory") from a New Jersey company, Dazzling Couture, LLC.

11. Pursuant to Exhibit 1, Berry loaned Frieschsky's $2,000,000 US Dollars on or about March 16, 2015. Additional loans subject to Exhibit 1 were $300,000 on or about March 31, 2015; $4166.67 on or about March 31, 2015; $6042.54 on or about May 6, 2015; $4802.05 on or about June 15, 2015; $1526.87 on or about July 30, 2015; and $50,000 on or about October 6, 2015.

12. Upon information and belief, Frieschsky's used the sums above to purchase the Brioni Inventory.

13. Exhibit 1 at paragraphs 1 and 2, explains in detail how interest is to accrue on the loan. There is a 5% per annum rate for "Current Interest," an 8% per annum rate for interest upon

the occurrence of a Default ("Default Rate"), and as "Additional Interest," Frieschsky's is to pay Berry 45% of Net Sale Proceeds generated by Frieschsky's sale of Brioni Inventory. As long as Frieschsky's holds any of the Brioni Inventory, it is contractually obligated to provide periodic accountings as set forth in Exhibit 1.

14. Paragraph 3b of Exhibit 1 obligated Frieschsky's to pay back the entire unpaid principal no later than August 26, 2016 in one lump sum payment.

15. Paragraph 6 of Exhibit 1 contains a pledge by Frieschsky's of all right, title and interest in Frieschsky's assets.

16. Exhibit 1 is further secured by the personal guarantees of defendants Friesch and Daily as noted in Paragraph 7(e) of Exhibit 1. Exhibit 2 is a signed guarantee by each of these defendants.

17. Exhibit 2, attached hereto is a spreadsheet that contains an accounting of the loans, the repayments and the accrued interest as of December 31, 2019. As of that date, Berry is due and owing $ 1,123,148 of the principal balance, and $745,922.78 in interest.

## COUNT I
## BREACH OF CONTRACT (Against Frieschsky's)

18. Plaintiffs repeat and incorporate by reference Paragraphs 1 – 17 of this Complaint as if set forth herein.

19. Defendant Frieschsky's failed to pay the amounts owed under Exhibit 1 when those amounts became due.

20. Defendant Frieschsky's was in breach of the Exhibit 1 when it failed to make the required payment under the Agreement.

21. As a result of Frieschsky's breach, Berry is owed $1,123,148 in principal, and $$745,922.78 in interest, and seeks a total judgment of $1,869,070.70, plus any interest accrued from January 1, 2020 to the date of judgment at 8% interest as explained in Paragraph 13 above.

22. In addition to the judgment sought above, Paragraph 7 of Exhibit 1 provides for reasonable attorneys' fees to enforce the note. Plaintiff's fees in this matter are based on a contingent fee agreement of 25%, entitling Plaintiff to an additional award of $467,267.67 in fees, for a total judgment of $2,336,338.30, plus any interest accrued from January 1, 2020 to the date of judgment at 8% interest as explained in Paragraph 13 above.

## COUNT II
## ACTION ON GUARANTEES (Against Friesch and Daily)

23. Plaintiffs repeat and incorporate by reference Paragraphs 1 – 23 of this Complaint as if set forth herein.

24. Friesch and Daily all signed Exhibit 2, which is an enforceable guarantee on the debt explained above.

25. Per Paragraph 3 of Exhibit 2, the guarantees are absolute and unconditional.

26. As a result of Frieschsky's breach, Friesch, and Daily are each responsible for paying Berry $1,123,148 in principal, and $745,922.78 in interest, for a total amount $1,869,070.70, plus any interest accrued from January 1, 2020 to the date of judgment at 8% interest as explained in Paragraph 13 above, to be assessed jointly and severally.

27. In addition to the judgment sought above, Paragraph 7 of Exhibit 2 provides for reasonable attorneys' fees to be assessed to Friesch, and Daily. Plaintiff's fees in this matter are based on a contingent fee agreement of 25%, entitling Plaintiff to an additional award of $467,267.67 in fees, for a total amount of $2,336,338.30, plus any interest accrued from January

4

1, 2020 to the date of judgment at 8% interest as explained in Paragraph 13 aboveto be assessed jointly and severally.

## COUNT III
## ACCOUNTING (Against Frieschsky's)

28. Plaintiff repeats and incorporate by reference Paragraphs 1 –28 of this Complaint as if set forth herein.

29. Upon information and belief, Defendant Frieschsky's has spent at least $2,336,538.13 of the money disbursed pursuant to the Agreement for which it cannot provide receipts, invoices or otherwise account for the use of the money.

30. Plaintiff demands an accounting of the monies disbursed to Frieschsky's pursuant to the Agreement.

WHEREFORE, the Plaintiff respectfully requests the Court for:

A. Payment of damages for the full amount of the monies disbursed under the Agreement including points, plus interest on both as set forth in the Agreement, an amount of no less than $1,869,070.70;

B. Payment of all expenses, attorney fees, and costs accrued in pursuance of payment due under the Agreement and as provided for and agreed to in the Promissory Note, an amount of $467,267.67;

C. Interest due for 2020 and after as explained above;

D. An accounting of all monies disbursed under the Agreement;

E. Payment of all damages incurred by the Plaintiffs, plus applicable pre-judgment interest; and

F. Such other and further relief as may be just and appropriate, including but not limited to pre-judgment interest and award of the expenses, attorney's fees and costs related to the bringing of this action.

Dated this 30th day of June, 2020.

**HANSEN REYNOLDS LLC**

By: _/s/ Brent D. Nistler_

Brent D. Nistler, SBN 1033990
301 North Broadway Suite 400
Milwaukee, Wisconsin 53202
Telephone: 414-763-1147
Facsimile: 414-273-8476
Email: bnistler@hansenreynolds.com

*Attorneys for Plaintiff*