# \UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID BERRY,

                Plaintiff,

v.

                Case No. 20-CV-983-JPS

FRIESCHSKY'S, LLC,

                **ORDER**

                Defendant.

This breach of contract case was filed in June 2020. ECF No. 1. The case was stayed for several years pending the outcome of Defendant Timothy M. Friesch's ("Friesch") bankruptcy case, in which Defendant Frieschsky's, LLC ("Frieschsky's") was also a debtor. ECF No. 9 at 1 & n.1 (citing ECF No. 8 and *In re Friesch*, Case No. 21-23463-kmp (Bankr. E.D. Wis. 2021)). Two Defendants, Friesch and Stephen J. Daily ("Daily"), were eventually dismissed from the action: Daily without prejudice due to Plaintiff David Berry's ("Plaintiff") failure to serve him, ECF No. 10, and Friesch with prejudice pursuant to the parties' stipulation, ECF Nos. 11, 12. Only Plaintiff's claims against Frieschsky's remain.

The Court recently ordered Plaintiff and Frieschsky's to "file a written update as to the status of this case within fourteen . . . days of th[e] [o]rder." Apr. 2, 2024 text order. The Court warned that "failure to do so will result in dismissal of this case without prejudice." *Id.* The Court also noted that the complaint appeared to inadequately plead the citizenship of Frieschsky's—a limited liability company—for purposes of establishing diversity jurisdiction. *Id.*

The remaining parties' deadline to file a status report has come and gone. In light of the parties' inaction together with the fact that it is unclear whether the Court has subject matter jurisdiction, the Court will dismiss Plaintiff's claims against Frieschsky's without prejudice. *See* Civ. L.R. 41(c) (providing that cases may be dismissed with or without prejudice for lack of diligence); *Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice[.]" (citing *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 639 (7th Cir. 2021))). The prior disposition of Plaintiff's claims against Friesch and Daily stands—in other words, the dismissal of this case is subject to the condition that the dismissal of Plaintiff's claims against Friesch operates *with* prejudice, per the Court's adoption of the parties' stipulation of dismissal, ECF Nos. 11 and 12.

Accordingly,

**IT IS ORDERED** that Plaintiff David Berry's claims against Defendant Frieschsky's, LLC be and the same are hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge